UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE STEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-00549-MTS |
| | ) |
| CLAYTON CAPITAL ASSETS LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment. Doc. [10]. The Court finds that Plaintiff's proposed order granting the Motion and entering judgment does not satisfy Federal Rule of Civil Procedure 65(d).[*] That Rule provides that "[e]very order granting an injunction . . . must" not only "state its terms specifically," but also "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Plaintiff's proposed order fails to meet these specificity requirements. Plaintiff shall submit a proposed order granting her Motion and entering judgment that will comply with Federal Rule of Civil Procedure 65(d).

Accordingly,

---

[*] While much of Rule 65 applies only to preliminary injunctions and to temporary restraining orders, subdivision (d) applies to every injunction. *See* Fed. R. Civ. P. 65(d); *see also Int'l Longshoremen's Ass'n, Loc. 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (finding that Rule 65(d) applies to all injunctions and to any "equitable decree compelling obedience under the threat of contempt," even if not labeled as an "injunction"); *see also, e.g.*, *Rhone-Poulenc Rorer Pharms., Inc. v. Marion Merrell Dow, Inc.*, 93 F.3d 511, 517 (8th Cir. 1996) (vacating a portion of a "permanent injunction" because it "violate[d] Rule 65(d)"); *Scott v. Schedler*, 826 F.3d 207, 213 (5th Cir. 2016) (per curiam) (vacating a permanent injunction because it ran "afoul of Rule 65(d)(1)").

**IT IS HEREBY ORDERED** that, no later than **Tuesday, October 31, 2023**, Plaintiff shall file a revised proposed order granting her Motion for Default Judgment consistent with this Memorandum and Order.  Failure to do so timely may result in the dismissal of this action without prejudice and without further notice.

Dated this 12th day of October 2023.

        MATTHEW T. SCHELP
        UNITED STATES DISTRICT JUDGE