UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE STEGER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:23-cv-00549-MTS |
| | ) |
| CLAYTON CAPITAL ASSETS LLC, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment, Doc. [10], and Plaintiff's updated proposed order, Doc. [12]. The Court previously found that Plaintiff's original proposed order granting the motion and entering judgment did not satisfy Federal Rule of Civil Procedure 65(d), which requires that "[e]very order granting an injunction . . . must" not only "state its terms specifically," but also "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." *See* Doc. [11].

Upon review of Plaintiff's updated proposed order, Doc. [12], the Court again concludes it fails to comply with Rule 65(d). Aside from the portions awarding Plaintiff her attorneys' fees and costs, the updated proposed order "does little or nothing more than order the defendants to obey the law" and therefore "is not specific enough." *See Sessler v. City of Davenport*, 990 F.3d 1150, 1157 n.3 (8th Cir. 2021) (quoting *Daniels v. Woodbury Cnty.*, 742 F.2d 1128, 1134 (8th Cir. 1984)); *accord, e.g.*, *Henrietta D. v. Giuliani*, 246 F.3d 176, 182 (2d Cir. 2001) ("[A]n 'obey the law' order entered in a case arising under statutes so general as the ADA and the Rehabilitation Act would not pass muster under Rule 65(d).");

*Bone v. Univ. of N.C. Health Care Sys.*, --- F. Supp. 3d ----, 1:18-cv-994-TDS, 2023 WL 4144277, at *32 (M.D.N.C. June 22, 2023).* Not only does such an injunction violate Rule 65, but it also runs afoul of "general equitable principles." *United States v. Davison*, 407 F. App'x 997 (8th Cir. 2011) (per curiam).

Because the Court concludes the update proposed order still would be improper to enter, the Court will provide Plaintiff with a final opportunity to submit a proposed order that is faithful to her Complaint, Rule 65(d), and general equitable principles. Failure to do so will result in the dismissal of this action. *See, e.g.*, *White v. Extra Special Properties, LLC*, 4:22-cv-00209-SRC, 2023 WL 3948910, at *3 (E.D. Mo. June 12, 2023) (denying motion for default judgment in ADA case without prejudice for failure to specify relief and warning plaintiff that failure to file a proper second motion would result in dismissal).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Tuesday, November 28, 2023**, Plaintiff shall file a second revised proposed order granting her Motion for Default Judgment consistent with this Memorandum and Order. Failure to do so timely may result in the dismissal of this action without prejudice and without further notice.

Dated this 7th day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

* For example, the update proposed order would order Defendant to "remove physical barriers to access" and to "alter the Subject Property to make [it] readily accessible to and useable by all individuals with disabilities to the full extent required by Title III of the ADA." Doc. [12] ¶ A. It goes on to require Defendant to "implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211." *Id.* ¶ C.